UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-385-KK-DTBx** | Date: | June 17, 2024 |
| Title: | *Hoang Minh Le v. Puente Castelton, LLC* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) ORDER TO SHOW CAUSE Regarding Supplemental Jurisdiction

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), and a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act").  It appears the Court possesses only supplemental jurisdiction over the state law claim(s) asserted in the Complaint.  See 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'"  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (emphasis added) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).  Plaintiff is, therefore, **ORDERED TO SHOW CAUSE** in writing why the Court should exercise supplemental jurisdiction over the state law claims asserted in the Complaint.  See 28 U.S.C. § 1367(c).

Plaintiff's response shall be filed **no later than June 24, 2024**.  In the response, Plaintiff shall identify the specific amount of statutory damages Plaintiff seeks to recover.  Plaintiff and Plaintiff's counsel shall also file declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of "high-frequency litigant" as provided by Sections 425.55(b)(1) and (2) of the California Code of Civil Procedure.

**Plaintiff is expressly warned failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in this action being dismissed without**

**prejudice for failure to prosecute and comply with court orders, see FED. R. CIV. P. 41(b), or the Court declining to exercise supplemental jurisdiction over Plaintiff's state law claims and the dismissal of such claims, see 28 U.S.C. § 1367(c).**

**IT IS SO ORDERED.**